(47 App. Div. 534.)

### SAFETY CO-OPERATIVE BUILDING, LOAN & SAVINGS ASS'N v. ROBINSON.

(Supreme Court, Appellate Division, Second Department. February 6, 1900.)

BUILDING ASSOCIATIONS—REDEEMING SHARES—FINES.

    Under a by-law of a building association providing that a fine may be imposed on shares of a member for redeeming them by paying off the loan for which they are pledged to it, the fine may be imposed, though at the same time the member "withdraws" the shares (that is, returns them to the association), and becomes entitled to receive from it their then value.

Appeal from Queens county court.

Action by the Safety Co-operative Building, Loan & Savings Association of New York City against Robert McC. Robinson, impleaded with another. From a judgment for plaintiff, said defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

James C. Murray, for appellant.

Halstead H. Frost, Jr., for respondent.

PER CURIAM. This is a suit to foreclose a mortgage for $500, in which the appellant agreed to pay the respondent the sum of $5.26 for dues, interest, and premium on the first Tuesday of each month. The mortgage provided that, if any of the dues or interest should re-

main unpaid and in arrears for the space of one month, the principal
sum of $500 and all arrearages of interest should become due and
payable forthwith. The action was begun on May 14, 1898. The
complaint alleged that the appellant had made default by omitting to
pay the sum of $2.17 contribution for dues which became due under
the mortgage on April 6, 1897; that more than one month had
elapsed since the same became due; and that the same and all install-
ments of dues which had become due since that time still remained
unpaid, although payment had been duly demanded, in consequence of
which the plaintiff had elected that the entire amount secured by the
mortgage should become presently due and payable. There had been
another mortgage transaction between the parties, in which the ap-
pellant, as a member of the plaintiff association, had been charged
with a penalty or fine to which the association claimed to be entitled,
but which he insisted that he could not rightfully be called upon to
pay. The correct determination of this litigation depends upon the
question whether he was liable to this fine or penalty under the by-
laws of the plaintiff association, or whether he should be credited with
the sum which was charged against him on this account. If so
credited, nothing would have been due from him to the plaintiff at
the time of the commencement of the present action by way of inter-
est or dues on the mortgage in suit. The appellant had made another
mortgage to the plaintiff association for $2,000, the payment of
which was secured by a pledge of eight shares of the association stock.
Article 19 of the by-laws of the association provides that any mem-
ber may, at his option, repay any loan made to him in full at any
time, and receive back his shares pledged as security, but that such
shares shall not be returned until such fine or fines as are imposed
under article 18 of the by-laws shall have been paid in full. Re-
ferring back to article 18, we find this provision:

"A fine of an amount equal to not more than the premiums agreed to be
paid on the shares redeemed for one year may be imposed on the shares of a
member repaying a loan and redeeming his (or her) shares under article 19,
which fine may be imposed, reduced, or remitted by the board of management."

Under these provisions, in calculating the amount which the appel-
lant would have to pay in order to discharge his $2,000 mortgage, the
officers of the association charged him with a fine of $41.76 for re-
deeming his eight shares of stock. He contends that this was wrong,
because at the same time he "withdrew" said shares, or, in other
words, returned them to the association, and became entitled to re-
ceive from the association the value thereof, to be determined in the
manner prescribed in article 19 of the by-laws. The transaction thus
provided for is virtually a surrender of the stock to the association,
and a release of the member's interest in the corporate property to
that extent. The appellant insists that, upon notifying the corporation
of his desire to make such a surrender, he could not also be fined for
the redemption of the same upon electing to pay off the loan upon
which his stock was pledged as collateral security. The county judge
answered this contention by pointing out that these eight shares
were pledged, and the member could not obtain them to surrender
and receive their withdrawal value till he should redeem them from

the pledgee. To redeem them, he was obliged to pay the fine provided for in the by-laws. Until he had done this, they remained subject to the pledgee's lien, and the member did not possess that complete and absolute interest in the shares necessary to enable him to make an effectual surrender and obtain their withdrawal value. In taking this view, we think that the learned county judge properly construed the rights and obligations of the respective parties under the by-laws of the plaintiff association. It follows that the sum of $41.76 was a proper charge against the appellant in making up the account of the amount due from him on the $2,000 mortgage. If so, the appellant at the time of the commencement of the action was more than a month in default for some installments of dues which had become payable since April 6, 1897, and this fact was sufficient to authorize the maintenance of the action, although the proof did not sustain the specific allegation that the defendant had failed to pay the contribution of $2.17 which became due on that date.

The judgment must be affirmed, with costs.

HIRSCHBERG, J., takes no part.